IN THE CHANCERY COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

**RICK MORGAN; JOHN MATTHEWS;**                                                   **PLAINTIFFS**
**CHRIS MINTON; JAKE THOMPSON;**
**EILEEN MCCARTHY; LORI BEAHM;**
**and HOLLY COHOON**

**VS.**                                      **CIVIL ACTION NO.: G-2018-319**

**REGENTS CONSULTING GROUP, LLC;**
**REGENTS HOLDINGS, INC.; MARK CRIST;**
**ROBERT ACUNA; and STEPHEN LAMB**                          **DEFENDANTS**

### AMENDED COMPLAINT FOR DECLARATORY RELIEF, ACCOUNTING, PRELIMINARY INJUNCTION, TEMPORARY RESTRAINING ORDER, AND OTHER EQUITABLE EMERGENCY RELIEF

COME NOW Plaintiffs, Rick Morgan; John Matthews; Chris Minton; Jake Thompson; Eileen McCarthy; Lori Beahm; and Holly Cohoon ("Plaintiffs"), by and through their undersigned counsel, and files their Complaint against Regents Consulting Group, LLC; Regents Holdings, Inc; Mark Crist; Robert Acuna; and Stephen Lamb, and stating grounds as follows:

### PARTIES

1. Plaintiff Rick Morgan is an adult resident citizen of the First Judicial District of Hinds County, Mississippi residing at 2328 Twin Lakes Circle, Jackson MS 39211.

2. Plaintiff John Matthews is an adult resident citizen of Boulder County Colorado, residing at 2120 Onyx Way, Longmont, Colorado 80504.

1

3. Plaintiff Chris Minton is an adult resident citizen of Travis County, Texas, residing at 9705 Delgado Way, Austin, TX 78733.

4. Plaintiff Jake Thompson is an adult resident citizen of Hillsborough County, Florida, residing at 4209 W. Sevilla Street, Tampa, Florida 33629.

5. Plaintiff Eileen McCarthy is an adult resident citizen of Los Angeles County, California, residing at 11671 Laurelwood Dr., Studio City, CA 91604.

6. Plaintiff Lori Beahm is an adult resident citizen of Riverside County, California, residing at 30709 Long Point Dr., Canyon Lake, California 92587.

7. Plaintiff Holly Cohoon is an adult resident citizen of Wake County, North Carolina, residing at 5720 Metalmark Drive, Fuquay Varina, North Carolina 27526.

8. Defendant Regents Consulting Group, LLC (hereinafter "Regents Consulting") is a Delaware corporation with its principal place of business located at 2328 Twin Lakes Circle, Jackson, MS 39211, and may be served with process by service upon its registered agent, Capitol Corporate Services, Inc, 248 East Capitol St., Suite 840, Jackson, MS 39201.

9. Defendant Regents Holdings, Inc (hereinafter "Regents Holdings") is a foreign corporation with its principal place of business located at 5514 Swiss Ave., Dallas, TX 75214, and may be served with process by service upon its registered agent, Michael J. McCune at 5514 Swiss Ave., Dallas, TX 75214.

10. Defendant Robert Acuna is a resident of Texas and may be served with process at 21305 Vista Estates Drive, Spicewood, TX 78669.

11. Defendant Stephen Lamb is a resident of Texas and may be served with process at 1609 Club Circle, Garland, TX 75043.

12. Defendant Mark Crist is a resident of Iowa and may be served with process at 24488 410th Street, Chariton, IA 50049.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over the subject matter of this action pursuant to Miss. Code Ann. § 11-5-1, et seq. and under the Court's traditional equity jurisdiction. Venue is proper in this Court pursuant to Miss. Code Ann. § 11-5-1.

14. This Court has personal jurisdiction over the parties since Defendant Regents Consulting's principal office is located within the First Judicial District of Hinds County Mississippi. Further, Defendants have sufficient minimum contacts with this State so as not to offend the due process clauses of the 5th and 14th Amendments to the United States Constitution, and Plaintiffs' cause of action arises out of Defendants' activities in Mississippi. Defendants have purposefully availed itself of the privileges and benefits of conducting business in Mississippi and are therefore subject to the jurisdiction of Mississippi. Additionally, Mississippi's Long Arm Statute, Miss. Code Ann. § 13-3-57, is satisfied because, *inter alia*, the Defendants have committed a tort in whole or in part against a resident of this State, and because the Defendants conduct business in this State.

## FACTUAL BACKGROUND

15. On or about April 28, 2011 Rick Morgan and Regents Holdings jointly co-founded Regents Consulting, LLC. Since its inception, Regents Consulting has acquired

approximately nine (9) additional members which currently have an interest in the Company. As a result of adding said additional members, the ownership interests of Plaintiffs Rick Morgan and Regents Holdings have been diluted and redistributed as indicated in Paragraph 21 below.

16. Plaintiffs' respective ownership interests are in dispute. Defendant Regents Holdings and Nick McCune contend that Regents Holdings owns a 50% interest and Plaintiff Rick Morgan owns a 50% interest in Regents Consulting.

17. Additionally, a dispute has arisen with respect to certain arrangements and/or oral contracts between Regents Consulting and certain outside vendors that have business relationships with Regents Holdings and/or its members or related parties. Plaintiffs further request a full accounting of Defendant Regents Consulting regarding any and all transactions with those entities. On information and belief, certain of these transactions and agreements are not commercially reasonable arm's length transactions which may rise to self-dealing and breach certain fiduciaries duties and obligations. Plaintiffs request a full accounting to determine the extent of these improper dealings.

18. Defendants Mark Crist, Steve Lamb, and Rob Acuna are being made Defendants to this Amended Complaint at the request of Defendant Regents Holdings Inc. Defendant Regents Holdings, Inc. alleges that Defendants Crist, Lamb, and Acuna are necessary and indispensable parties regarding the rights and interests they have in Regents Consulting Group LLC.

# COUNT I
# DECLARATORY JUDGMENT

19. Plaintiffs adopt and incorporate herein by reference the allegations set out in Paragraphs 1-18 of this Complaint.

20. Defendant Regents Consulting Group LLC by and through the direction of Defendant Regents Holdings, Inc. has refused to allow Plaintiffs to in any way participate as true owners during their many years of business.

21. Plaintiffs seek the entry of a final declaratory judgment adjudicating and declaring the current members of Regents Consulting Group LLC and their respective ownership interests. Plaintiffs pray that they and all other shareholders be awarded their rights and interests in Regents Consulting and all profits that have been derived thereof. Specifically, Plaintiffs request that this Court declare, confirm, and ratify the following members and their shareholder equity as follows:

| | |
|---|---|
| Rick Morgan | 22.5% |
| Regents Holdings, Inc | 22.5% |
| Mark Crist | 18.0% |
| Chris Minton | 7.0% |
| John Matthews | 7.0% |
| Jake Thompson | 3.0% |
| Eileen McCarthy | 3.0% |
| Rob Acuna | 3.0% |
| Holly Cohoon | 3.0% |
| Lori Beahm | 0.5% |
| Steve Lamb | 0.5% |
| Redemption/Treasury Units | 10% |
| Total % of Units = | 100.0% |

## COUNT II
## ACCOUNTING

22. Plaintiffs adopt and incorporate herein by reference the allegations set out in Paragraphs 1-21 of this Complaint.

23. Pursuant to the Operating Agreement, Plaintiffs are entitled to an accounting of all corporate activities performed by, at the request of, and/or with Defendant Regents Holdings, Inc.

24. Defendant Regents Holdings, Inc. has a fiduciary duty to Regents Consulting and Plaintiffs to handle any funds or assets that come into their possession in a manner consistent with the agreement and standards of fidelity to their members. Defendants have a duty to render an accounting of the funds received and expenses from the operation of Regents Consulting.

25. Defendant Regents Holdings, Inc. has failed and refused to provide Plaintiffs with pertinent information regarding the company's activities and financial dealings, and Plaintiffs have been denied access to their statutorily granted right to view financial records.

26. Plaintiffs are entitled to an accounting to determine the full extent of any unauthorized expenses of Regents Consulting and to a full disclosure of the terms of any agreements and/or oral contracts with any entities that have business relationships with Regents Holdings and/or its members or related parties.

27. A constructive trust should therefore by imposed for the benefit of Plaintiffs for all amounts for which Defendant Regents Holdings, Inc. is liable to pay Plaintiffs for

work performed by Plaintiffs in the form of salary and company profits, and for all improper business transactions made at the direction of Defendant Regents Holdings, Inc. or others.

28. Equity and good conscience require the imposition of a constructive trust under these circumstances, and, accordingly, Plaintiffs are entitled to the relief requested herein.

29. Plaintiffs pray for other equitable relief and/or general relief regarding Regents Consulting, its expenses, and its operations, including but not limited to compensatory damages, pre- and post-judgment interest, attorney's fees and any other damages to which Plaintiffs are entitled.

30. As a result of Defendant Regents Holdings, Inc.'s actions or other wrongful conduct, Plaintiffs have been damaged and pray for all relief herein requested or authorized by law, including but not limited to actual and compensatory damages, reimbursement for any unauthorized expenses, together with reasonable attorneys' fees, costs, and interest. Plaintiffs further demand a constructive trust be held against Defendant Regents Holdings, Inc. and in favor of the Plaintiffs.

## COUNT III
## TEMPORARY RESTRAINING ORDER
## AND PRELIMINARY INJUNCTION

31. Plaintiffs adopt and incorporate herein by reference the allegations set out in Paragraphs 1-30 of this Complaint.

32. Plaintiffs request that this Court enter an appropriate order restraining and enjoining the Defendants, its managers, officers, and members, specifically including but not limited to Mark Crist and Michael J "Nick" McCune, from undertaking any affirmative action or

inaction: (1) that is not intrinsically fair to any other member's interest; (2) which violates the special relationship of trust and confidence which prevails in closely held companies; (3) which violates the duty of loyalty and good faith in the discharge of corporate office; (4) which is designed or intended to disrupt any ongoing transactions or contractual obligations or relationships with existing clients or customers; (5) which affects the employment of any member or employee; and/or (6) which disparages Regents Consulting, any member, or any member's ownership interest in any manner.

33.     Plaintiffs would further show that should Defendants, its managers, officers, members, Mark Crist, and/or Nick McCune do any of the above conduct, Plaintiffs and other similarly situated members would be irreparably harmed.

34.     There is good cause to believe that immediate and irreparable damage to the Company will occur if Defendants are permitted in any manner to disrupt the ongoing operations of Regents Consulting.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request a Declaratory Judgment against the Defendants declaring the true and correct members; a complete accounting; and a temporary restraining order and preliminary injunction from any business disruptions.  Plaintiffs further request for all relief herein requested or authorized by law, including but not limited to actual and compensatory damages, and reimbursement for any unauthorized expenses.  Plaintiffs further request an award of reasonable attorneys' fees, all

costs of court, and any other equitable relief allowed by law.

    RESPECTFULLY SUBMITTED this the 22nd day of May, 2018.

                                Rick Morgan; John Matthews; Chris Minton; Jake Thompson; Eileen McCarthy; Lori Beahm; and Holly Cohoon

                                /s/ Michael J. Malouf
                                Attorney for Plaintiffs

MICHAEL J. MALOUF, JR., ESQ.
MSB NO. 10466
Malouf & Malouf
501 E. Capitol Street
Jackson, MS  39201
(601) 948-4320
mikejr@Malouf.Law

## CERTIFICATE OF SERVICE

    I, Michael J. Malouf, Jr., attorney for Plaintiffs, do hereby certify that I have this day filed with the clerk of court, via the MEC system, a true and correct copy of the above and foregoing *Amended Complaint for Declaratory Relief, Accounting, Preliminary Injunction, Temporary Restraining Order, and Other Equitable Emergency Relief*, which sent electronic notification of such filing to all counsel of record.
    THIS the 22nd day of May, 2018.

                                /s/ Michael J. Malouf, Jr.
                                Michael J. Malouf, Jr.